[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, State Department of Correction (Department) appeals the final decision of the defendant Freedom of Information Commission (FOI) which ordered the Department to provide copies of certain documents and records to defendants Wilson Campos and Ismael Vasquez. The FOI's decision was based on General Statutes 1-15, 1-19, and 1-18a(d). The Department appeals to this court pursuant to General Statutes 4-183. The court finds in favor of the plaintiff and remands the case for further proceedings.
Sometime prior to December 1990, the defendants Campos and Vasquez were arrested, apparently in connection with an incident that occurred in September of that year at the Carl Robinson Correctional Institution, where they were incarcerated on other charges. A deputy assistant public defender was appointed to represent them pursuant to General Statutes 51-296.
On December 4, 1990, the public defender wrote on Office of Public Defender stationery to William L. Wheeler, the Department's information officer, stating:
 I represent Wilson Campos and Ismael Vasquez, each of whom is an indigent person charged with a crime in the State of Connecticut. On their behalf, pursuant to the provision of C.G.S. 1-15 et seq., I am requesting copies of the following public records. . . .
He then listed four categories of documents and records, some specifically connected to the September disturbance and some more general in nature. He signed the letter, indicating his title as Deputy Assistant Public Defender.
On December 5, 1990, Mr. Wheeler replied and denied the public defender's request on the basis that "litigation is pending between the State of Connecticut and the individuals you represent . . . (and) that the criminal discovery process — not . . . the Freedom of Information statutes — is the appropriate CT Page 7376 method by which to gain access to these materials."
The public defender thereupon lodged a complaint with the FOI on December 11, 1990. In that complaint, he stated as follows:
 Because my clients (sic) need for the requested information is an acute one, I request expedited hearing of their appeal.
On March 19, 1991, the criminal cases against defendants Campos and Vasquez were concluded by guilty pleas. No appeal has been filed, nor do these defendants have any other criminal matters pending before the court.
The hearing before the FOI was held on April 8, 1991. The public defender appeared and stated that he represented Campos and Vasquez. He did not disclose that the criminal cases had been terminated.
Following the hearing, the Department's attorney learned for the first time that the criminal cases had been terminated prior to the hearing, and so informed the FOI in a post-hearing brief dated April 15, 1991. The Department claimed then and renews the claim to this court as a basis of its appeal that it was prejudiced at the hearing by the failure of the public defender to disclose that the criminal cases had been terminated.
The Department's claim of prejudice focuses on the origin of the case and its apparent posture at the time of the FOI hearing. Originally, the case raised as its primary issue the permissible use of the freedom of information statutes as a substitute for or a supplement to discovery rules and procedures in a criminal case. See Conn. Practice Book 731 et seq. The person who requested the documents from the Department identified himself as a public defender in a criminal case. The initial correspondence between the public defender and the Department's employee, Mr. Wheeler, clearly reveals that the attorney's purpose was to obtain information from the Department which would aid him in defending his clients in a trial on the criminal charges. It is equally clear that the Department refused to comply with the request because it took the position that the public defender should be required to seek the documents through the discovery rules. The basic issue was joined by the parties, therefore, even before the public defender complained to the FOI. Furthermore, the Department's position on the issue and its belief that FOI policy might support it was not unreasonable. In an earlier case in which CT Page 7377 the attorney general, who at all times represented the Department in this case, was a party, the FOI had held that it was "not appropriate" to use the freedom of information statutes as a substitute for discovery rules. In the Matter of a Complaint by Robert DeCrescenzo Against Acting Attorney General of the State of Connecticut, Docket FIC 89-105 (Final Decision, March 14, 1990).
Most significantly, the correspondence between the public defender and the Department was incorporated in the public defender's complaint to the FOI, and also in the FOI's notice of the hearing. Although it is not necessary for a member of the public to specify a reason for requesting records of a public agency, the Department argues, and the court agrees, that in this case the complaint and notice led the Department reasonably to believe that Campos and Vasquez had a specific, limited purpose in requesting the documents. The Department argues further that this belief caused it to limit its preparation for the hearing, and the presentation of its case, to the issue of discovery in pending litigation. If the public defender had informed the Department prior to or even at the time of the hearing, the Department contends, it would have been able to present argument on the issue of mootness and evidence on the issue of exemption for security reasons.
The court has reviewed the transcript of the FOI hearing. At that hearing, the Department's principal argument centered on the discovery issue, in particular citing General Statutes1-19b(b). It was obviously based on the assumption that the criminal cases were still pending. Thus, the assistant attorney general representing the Department argued, "[I]n this particular matter because of the pendency of a criminal prosecution, I do believe that 1-19b(b) does militate in favor of allowing the courts (in discovery proceedings) rather than the FOI to rule on documents that may otherwise be deemed to be confidential or in some way not discoverable." It was obviously based on the assumption that the criminal cases were still pending. The public defender did not disclose, although of course he knew, that that assumption was not warranted. Instead, the public defender responded to the argument on its merits. With respect to the issue of exemption based on security considerations, the Department's principal argument was again in the context of court supervised discovery procedures. It alluded only briefly to the position the Department would take in the absence of pending litigation.
The FOI's decision held that General Statutes 1-19b(b) does not exempt the documents from disclosure simply because litigation between the parties was previously pending and also held that the "case is not moot" because Campos and Vasquez, CT Page 7378 through their public defender, were claiming the documents were public records under the freedom of information statutes. It then held that the Department "failed to prove" that security considerations should exempt the documents from public disclosure under those statutes.
Based on the circumstances described above, the court concludes that the Department was substantially prejudiced by the failure of the public defender to disclose the actual status of his clients' criminal charges at the time of the FOI hearing. The public defender had first-hand, actual knowledge that those charges had been completely terminated and that, as a result, the discovery issue was moot. He also knew, however, that the Department was proceeding at the hearing in ignorance of the fact that a major premise of its case was no longer viable. The significance of this lapse on the part of the public defender is not that the Department was unknowingly pursuing a moot argument. The Department might well have lost its argument on the discovery issue in any event. Rather, the significance is that the Department was led to believe that it should expend its major firepower on that issue and that it could safely minimize the security exemption issue. However, the FOI decision in the case, made after the true status of the discovery issue came to light, was based in significant part on the Department's failure of proof on the security exemption question.
The court also concludes that the circumstances of this case obligated the public defender to disclose to the FOI and opposing counsel the fact that the status of his clients' criminal charges had materially changed from the time when he first filed the FOI complaint. Rule 3.3(a) of the Rules of Professional Conduct provides that a "lawyer shall not knowingly: (1) Make a false statement of a material fact . . . to a tribunal. . . ." Subsection (b) provides that "[t]he duties stated in paragraph (a) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6." In this case, in the complaint to the FOI, the public defender incorporated his letter of December 4, 1990 to the Department in which he specifically stated that he represented Campos and Vasquez, "each . . . charged with a crime in the State of Connecticut." As discussed above, this fact was material to the issue of discovery. The public defender's statement in his complaint was no longer true, however, at the time of the FOI hearing. A comment on Rule 3.3 states, "There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation." Although there is no evidence that the public defender intended affirmatively to misrepresent a material fact to the FOI or opposing counsel, his failure to reveal the change in his clients' criminal charges constituted CT Page 7379 at the least an error under Rule 3.3.
The question remains whether this case should be viewed as one where the Department simply made a strategic error in not presenting evidence to prove that the security risk in releasing the requested documents justified exempting them from the freedom of information laws. The court has considered this question and agrees that the Department had an opportunity to present whatever evidence and argument it chose at the hearing. However, the court also concludes that the public defender's error and the resulting prejudice to the Department were so serious that they undermined the basic fairness of the administrative proceeding and the agency's decision. On balance, addressing these concerns is more important than holding the Department strictly responsible for any lack of thoroughness in the presentation of its case.
During oral argument on this appeal, the court questioned the authority of the public defender to represent Campos and Vasquez at the FOI hearing after their criminal charges had been concluded. Neither the public defender nor Gerard A. Smyth, Chief of Trial Services in the Office of Chief Public Defender, who was present, provided a convincing answer.
Public defenders are employed by the public defender services commission in accordance with General Statutes 51-289
et seq. Section 51-293(a)(1) provides, in relevant part, that the "commission shall appoint . . . as many . . . deputy assistant public defenders for the superior court as the criminal or delinquency business of the court may require." Subsection (d) provides that "[e]ach . . . deputy assistant public defender shall devote his full time to the duties of his office, shall not engage in the private practice of law. . . ." Section 51-296(a) provides that this court shall appoint a public defender to represent any indigent defendant "[i]n any criminal action, in any habeas corpus proceeding arising from a criminal matter, in any extradition proceeding, or in any delinquency matter." The scope of a criminal defendant's right to court-appointed counsel under this section is limited, however, by a provision that appointment is not required in a misdemeanor case unless it appears that the defendant will be sentenced to a period of incarceration. Sections 51-296 and 51-297 provide that the public defender's office is responsible for investigating the financial status of applicants for public defender services, but the ultimate power to appoint or not to appoint an attorney in any given case rests solely with the court.
To summarize the statutory provisions cited above, public defender services are available only to indigent criminal defendants and juveniles charges with delinquency. Not every CT Page 7380 indigent person accused of a crime has an absolute right to a public defender; rather, only those who face a realistic risk of incarceration have such a right. Conversely, a member of the public defender's office cannot represent anyone he or she wishes in any kind of case. The resources of the public defender's office, already sorely strained, would be overwhelmed if individual public defenders could voluntarily take on cases unrelated to their statutory responsibilities. Under these statutes, therefore, only the court has the power to determine whether or not a person is entitled to the public defender's services in any case.
In the present case, the superior court had appointed the deputy assistant public defender to represent Campos and Vasquez, both indigent defendants, in criminal actions where there was an obvious risk of incarceration. The public defender represented the two defendants until March 19, 1991, when they each pleaded guilty to the crime of possessing a weapon in a correction institution in violation of General Statutes53a-174a. On the same date, the court sentenced each defendant to a period of incarceration to be served consecutively to the sentence he was then serving for a prior conviction. Neither defendant appealed. The record indicates, therefore, that at the time of the FOI hearing, on April 8, 1991, neither of these defendants faced any criminal charge which would entitle him to the services of a public defender. For this reason, this court concludes that the court's previous appointment of the deputy assistant public defender to represent Campos and Vasquez had terminated by the time he appeared for them at the FOI hearing. Under the public defender statutes cited above, and in the absence of a court appointment, neither of these defendants was entitled to public defender services at that hearing, nor did the deputy assistant public defender in this case have the discretion under the law to represent them without specific court appointment. However, as indicated earlier in this decision, the Department's attorney and the FOI were proceeding at the hearing in the mistaken belief that the criminal charges against Campos and Vasquez were still active. They had no reason, therefore, to question the deputy assistant public defender's role at the hearing.
General Statutes 4-183(j) provides, in relevant part as follows:
 . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or CT Page 7381 statutory provisions; . . . (3) made upon unlawful procedure; (4) affected by other error of law . . . If the court finds such prejudice, it shall sustain the appeal and, if appropriate, . . . may remand the case for further proceedings. . . .
In this case, the court finds that the Department's substantial rights were prejudiced because the FOI's decision was clearly affected by the errors committed by the deputy assistant public defender under the Rules of Professional Conduct and the public defender statutes. Accordingly, the case is remanded for a new hearing consistent with this decision. Defendants Campos and Vasquez may obtain, of course, private counsel to represent them at the new hearing or they may appear pro se. They may not be represented by the public defender's office unless the court appoints a public defender for that purpose pursuant to General Statutes 51-296.
MALONEY, J.